UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICAH IAN WASSON,

    Petitioner,

v.

MARK NOOTH,

    Respondent.

Case No. 2:15-cv-02378-AA

OPINION AND ORDER

AIKEN, District Judge:

Petitioner, an inmate at Two Rivers Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that his trial counsel rendered ineffective assistance by failing to investigate and present expert evidence and by refusing to allow petitioner to testify. Petitioner also alleges that his appellate counsel rendered ineffective assistance by failing to raise meritorious issues on appeal.

Respondent contends that two of petitioner's claims are procedurally defaulted and the remaining claim was denied in a state court decision entitled to deference. For the reasons explained below, the petition is denied.

Page 1   - OPINION AND ORDER

## BACKGROUND

After trial by jury, petitioner was convicted of four counts of Assault in the Third Degree, two counts of Assault in the Second Degree, and one count each of Driving Under the Influence and Assault in the Fourth Degree. Resp't Exs. 101-02, 104 at 189-90. Petitioner's convictions arose from an automobile collision that caused severe injuries to occupants of another vehicle. Resp't Ex. 103 at 114-117, 127, 129-131. At sentencing, the trial court imposed sentences totaling 146 months' imprisonment. Resp't Ex. 104 at 210-12.

Petitioner directly appealed his conviction and asserted trial court error. Resp't Exs. 105, 108. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 109-10; *State v. Wasson*, 234 Or. App. 785, 230 P.3d 126, *rev. denied*, 348 Or. 669, 237 P.3d 824 (2010). Petitioner subsequently filed a petition for post-conviction relief (PCR) alleging ineffective assistance of counsel, and the PCR trial court denied the petition. Resp't Exs. 111, 119-20. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 124-25; *Wasson v. Persson*, 271 Or. App. 378, 353 P.3d 618, *rev. denied*, 357 Or. 596, 358 P.3d 1002 (2015).

On December 21, 2015, petitioner filed his federal habeas action under 28 U.S.C. § 2254.

## DISCUSSION

Respondent argues that petitioner is not entitled to federal habeas relief, because two of his claims are unexhausted and procedurally defaulted and his remaining claim was denied by a state court decision that is entitled to deference. 28 U.S.C. § 2254(b),(d).

A. <u>Exhaustion and Procedural Default</u>

In Grounds One and Three, petitioner alleges that his trial counsel failed to investigate and present expert evidence and his appellate counsel failed to raise meritorious issues on appeal.

Pet. at 4-7, 9-10 (ECF No. 2). Respondent argues that petitioner has procedurally defaulted on these claims because he failed to present them to the Oregon Supreme Court. I agree.

A state habeas petitioner must exhaust all available state court remedies – either on direct appeal or through collateral proceedings – before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To meet the exhaustion requirement, the petitioner must "fairly present" a federal claim to the State's highest court "in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam) (citation and quotation marks omitted); *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) ("Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state."). "A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) (citations omitted).

If a claim was not fairly presented to the state courts and no state remedies remain available for the petitioner to do so, the claim is barred from federal review through procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court."). A federal court may consider unexhausted and procedurally barred claims only if the petitioner demonstrates cause for the default and actual prejudice, or if the lack of federal review would result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

In his state PCR petition, petitioner asserted various claims of ineffective assistance of trial counsel and included the claim raised in Ground One, but he did not allege the claim in Ground Three.[1] Resp't Ex. 111 at 4-5 (alleging claims of inadequate investigation and failure to advise petitioner of his right to testify). Regardless, petitioner raised neither Ground One nor Ground Three on PCR appeal. Resp't Ex. 121 at 6 (raising ineffective assistance of counsel claim based on the failure to "ensure a knowing waiver of petitioner's right to testify"). Accordingly, petitioner did not present Grounds One and Three to Oregon's highest court, and petitioner has no available avenue for exhaustion. Or. Rev. Stat. §§ 138.071(1), 138.650(1); Or. R. App. P. 5.45(1) (assignment of errors not raised or argued are waived). Therefore, these claims are unexhausted and procedurally barred, and petitioner presents no argument to support cause and prejudice or a fundamental miscarriage of justice. *Sandgathe*, 314 F.3d at 376.

B. Ineffective Assistance of Trial Counsel

In Ground Two, petitioner asserts that trial counsel rendered ineffective assistance by failing to advise petitioner about his right to testify and refusing to allow petitioner to testify in his defense. Pet. at 7-9 (ECF No. 2); *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, petitioner alleges that counsel advised that he not testify, because petitioner could have been subject to impeachment based on a letter he sent to the trial court which included a false statement. Pet. at 8; Resp't Ex. 112 at 6-7.[2] The PCR court rejected this claim, and respondent maintains that the PCR court's decision is entitled to deference.

---

[1] Petitioner could not raise ineffective assistance claims on direct appeal; Oregon requires ineffective assistance of counsel claims to be raised in a PCR proceeding. *Ross v. Taylor*, 2016 WL 5799299, at *3 (D. Or. Sept. 30, 2016) (citing *State v. Robinson*, 25 Or. App. 675, 550 P.2d 758 (1976) and *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012)).

[2] Petitioner had suffered a black eye as a result of a "fist fight," and in seeking a continuance of trial, he falsely represented to the trial court that his injury resulted from a snowboarding accident. Pet. at 8-9; Resp't Ex. 114.

Page 4 - OPINION AND ORDER

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams*, 529 U.S. at 407-08, 413; *see also Early v. Packer*, 537 U.S. 3, 11 (2002) (per curiam) (state court decisions that are not "contrary to" Supreme Court precedent may be set aside only "if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law, or are based on 'an unreasonable determination of the facts.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 653, 664 (2004)).

Under well-established Supreme Court precedent, a prisoner alleging ineffective assistance of counsel must show that 1) "counsel's performance was deficient," and 2) counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* Judicial review of an attorney's performance under *Strickland* is "highly deferential" and carries a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," which,

Page 5 - OPINION AND ORDER

under the relevant circumstances, "might be considered sound trial strategy." *Id.* at 689 (citation omitted).

Here, the PCR court rejected plaintiff's claim of ineffective assistance, finding that counsel likely informed petitioner of the "real problems" with testifying and that petitioner willingly chose to follow his counsel's advice. Resp't Ex. 119 at 27-28. The record supports the reasonableness of the PCR court's ruling.

During PCR proceedings, trial counsel submitted an affidavit and attested that he and petitioner discussed, "at length, whether petitioner would testify at trial." Resp't Ex. 118 at 2. Counsel stated that his "standard practice" was to inform clients "that the choice [whether to testify] is entirely up to them." *Id.* Counsel explained that petitioner had provided his version of events to other witnesses, and counsel could elicit petitioner's version of events without calling him to testify. *Id.* Counsel further stated that he did not remember telling petitioner he could be impeached with the letter to the trial court. *Id.* at 1.

The PCR court determined that counsel "was able to get in petitioner's account of the accident through the state's witnesses." Resp't Exs. 119 at 27, 120 at 2. Moreover, the PCR court found that trial counsel likely had discussed the "real problems with the client"; namely, that petitioner would have been vulnerable to cross-examination about his .225 blood alcohol content (BAC) an hour after the crash, his .14 BAC over three-hours after the crash, and the beer found in his car. Resp't Exs. 119 at 28, 120 at 2; *see also* Resp't Ex. 103 at 139-40, 225, Ex. 104 at 8, 83. The PCR noted, "How petitioner could testify in light of that, it was going to be really difficult." Resp't Ex. 119 at 28. The PCR court also found that petitioner could have been cross-examined regarding his prior DUII convictions and his failed treatment attempts to "show that this man hadn't taken this thing seriously for four convictions." Resp't Exs. 119 at 28, 120 at 2.

Ultimately, the PCR court concluded, "There's just nothing the petitioner could have said that would have helped his case. The real risk is that he would have hurt his case. The petitioner made the choice." Resp't Exs. 119 at 28.

Given the evidence against plaintiff and the risks associated with cross-examination, counsel's advice against testifying could "be considered sound trial strategy," and the PCR court reasonably found no deficiency of performance or resulting prejudice. *See Strickland*, 466 U.S. at 689; *see also Richter*, 562 U.S. at 101 (on habeas review, a state court decision "must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself"). In sum, the PCR court's decision was neither contrary to nor an unreasonable application of clearly established federal law.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED and this case is DISMISSED with prejudice. A Certificate of Appealability should be denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

DATED this 13th day of June, 2017.

_____
Ann Aiken
United States District Judge